WALLER (UNITED STATES v.). See Case No. 16,634.

## Case No. 17,110.

### WALLIS v. CHESNEY.

[4 Am. Law Reg. 307.]

District Court, D. Maryland. 1856.

ADMIRALTY JURISDICTION—AFFREIGHTMENT—CARRIAGE BY CANAL.

1. The admiralty has not jurisdiction of a libel for freight on merchandise carried in a canal-boat, about two hundred and fifty miles by canal, and only about forty miles on tide-water.

[Cited in American Transp. Co. v. Moore, 5 Mich. 390.]

2. To give jurisdiction on a contract of affreightment, the principal or chief part of the service must be under the contract to be performed on tide-water.

Libel for freight on coal. Plea to the jurisdiction of the court.

GILES, District Judge. The facts of this case are as follows: The coal was brought in a canal-boat from Pittston, Luzerne county, Pennsylvania, on the canal to Port Deposit; and from that point the canal-boat was towed by a steamboat to Baltimore. It was brought on the canal about two hundred and fifty miles, and on tide-water about forty miles. Is the contract to carry this coal a maritime contract, over which this court has jurisdiction? I think not. The contract is entire, and four-fifths of the distance this coal was carried was on a canal, clearly beyond the jurisdiction of this court. Now, the supreme court, in the case of The Lexington, on page 392 of 6 How. [47 U. S.] say, "But if the substantial part of the service under the contract is to be performed beyond tide-waters, or if the contract relates exclusively to the interior navigation and trade of a state, jurisdiction is disclaimed." I understand the court to mean, by the word "substantial," the principal or chief part of the service. I will briefly notice the cases in this court, to which I have been referred by the proctor for the libellant. In the case of The Telegraph [Case No. 13,821], which was a collision which took place on the Chesapeake and Delaware Canal, the circuit court reversed the decree of

the district court, for the want of jurisdiction. The case of Ware v. Baltimore Steam-Towing Co. [unreported], in which a decree was given for libellants, was a case for freight on goods brought from Philadelphia to Baltimore. The goods were carried down the Delaware to the Chesapeake and Delaware Canal, and through that canal, and on the Chesapeake Bay and Patapsco river, to Baltimore; more than three-fourths of the distance was on tide-water, and the goods were carried on a vessel built and used for transportation on tide-water. The Case of York River Steamboat Co. [Case No. 18,144] grew out of a collision which took place on the Chesapeake Bay, near the mouth of the Patapsco river. The steamer ran against and injured a canal-boat at that point. Now, in cases of tort, the locality determines the jurisdiction; and as the collision happened on tide-waters, this court clearly had jurisdiction of the case. I will sign a decree, dismissing the libel filed in this case, for want of jurisdiction.